## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>16-MD-2724 |
| IN RE: AMITRIPTYLINE CASES | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | LEAD CASE: 16-AM-27240<br>DIRECT CASE: 16-AM-27241 |
| *ALL AMITRIPTYLINE DIRECT PURCHASER ACTIONS* | |
| AHOLD USA, INC. *et al.*, on behalf of themselves and all others similarly situated,<br><br>                 Plaintiffs,<br><br>v.<br><br>MYLAN, INC. *et al.*,<br><br>                 Defendants. | |

## DEFENDANT PAR PHARMACEUTICAL, INC.'S ANSWER AND DEFENSES

Defendant Par Pharmaceutical, Inc. ("Par")[1] states the following as its Answer and Defenses to the Consolidated Direct Purchaser Class Action Complaint ("Complaint"). Any allegation in the Complaint not explicitly responded to in this Answer, including any allegations made in the Complaint's headings or sub-headings, which are included herein solely for ease of reference, is hereby denied.

---

[1] Unless otherwise stated, for purposes of this Answer and Defenses, "Par" is defined to include Generics Bidco I, LLC, f/d/b/a Qualitest Pharmaceuticals, d/b/a Par Pharmaceutical ("Qualitest").

## ANSWER

**I.       Introduction**

1.       Par admits that Plaintiffs purport to bring this action against Defendants on behalf of themselves and "all others similarly situated," but Par denies that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23.  Par further denies that Plaintiffs are entitled to any relief from Par.

2.       Par denies the allegations in Paragraph 2.

3.       Par admits that this is a civil action seeking treble damages, but denies that Par has engaged in any of the alleged unlawful conduct, denies that it violated the Sherman Act, and denies the remaining allegations in Paragraph 3.

4.       Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and, on that basis, denies them.

5.       Par admits the allegations in the first sentence of Paragraph 5.  Par admits only that Footnote 1 to Paragraph 5 purports to quote from the World Health Organization's website, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5, and, on that basis, denies them.

6.       Par denies the allegations in Paragraph 6.

7.       With regard to Plaintiffs' use of the term "Class Period," Par denies that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23.[2]  Par admits only that the third sentence of Paragraph 7 purports to quote from a publication by the United States Government Accountability Office, the content of which speaks for itself.  Par

---

[2] Par herein incorporates this denial in response to all other references to a "Class Period" in the Complaint.

denies that it engaged in any conspiracy or anticompetitive scheme and denies the remaining allegations in Paragraph 7.

8.     Par admits that certain federal and state regulators have conducted inquiries into the pricing of certain generic pharmaceuticals.  Par admits that the DOJ has empaneled a grand jury in this District, which has issued subpoenas related to the pricing of generic pharmaceuticals, and that Par Pharmaceutical Companies, Inc. ("PPCI") has received one such subpoena.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8, and, on that basis, denies them.  Par denies any insinuation that it has engaged in price-fixing or anti-competitive conduct.

9.     Par admits only that Paragraph 9 purports to summarize a letter and a press release by the National Community Pharmacists Association, the contents of which speak for themselves.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9, and, on that basis, denies them.

10.    Par admits only that the first three sentences of Paragraph 10 purport to summarize charging documents filed by DOJ against Jeffrey Glazer and Jason Malek, the contents of which speak for themselves.[3]  Par admits that Glazer and Malek pleaded guilty to the charges against them.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10, and, on that basis, denies them.

11.    Par admits that DOJ has stated that its investigation overlaps with at least some of the drugs at issue in MDL 2724.  Par admits only that the remaining allegations in Paragraph 11

---

[3] The sentence numbering in this Answer counts only the Complaint's substantive sentences, excluding any citation sentences.

purport to summarize and quote from DOJ's Motion to Stay Discovery, the content of which speaks for itself.

12.     Par admits that 20 state attorneys general led by the State of Connecticut sued Aurobindo, Citron, Heritage, Teva, Mayne, and Mylan soon after the DOJ filed criminal charges, and that their complaint alleged bid-rigging, price-fixing and market and customer allocation in connection with their sale of doxycycline hyclate delayed release ("doxycycline DR") and generic glyburide in the United States.  Par admits the allegations in the second sentence of Paragraph 12.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 12, and, on that basis, denies them.  Par admits only that the fourth sentence of Paragraph 12 purports to quote from an online article, the content of which speaks for itself.  Par admits the allegations in the fifth sentence of Paragraph 12.  Par denies the remaining allegations in Paragraph 12.

13.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 13 and, on that basis, denies them.  Par admits only that the second sentence of Paragraph 13 purports to quote from a Pfizer, Inc. SEC filing, the content of which speaks for itself.

14.     Par denies the allegations in Paragraph 14.

15.     Par admits that Plaintiffs purport to seek damages but denies that Par violated the Sherman Act, denies that Plaintiffs or any purported class are entitled to any damages, and denies the remaining allegations in Paragraph 15.

## II.     Jurisdiction and Venue

16.     The allegations in Paragraph 16 contain legal conclusions or arguments that require no response.  To the extent that any response is required, Par denies the allegations.

17.     The allegations in Paragraph 17 contain legal conclusions or arguments that require no response.  To the extent that any response is required, Par denies the allegations.

18.     The allegations in Paragraph 18 contain legal conclusions or arguments that require no response.  To the extent that any response is required, Par denies the allegations.

19.     The allegations in Paragraph 19 contain legal conclusions or arguments that require no response.  To the extent that any response is required, Par denies the allegations and denies that it was engaged in any alleged conspiracy.

**III.    Parties**

20.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 20, and, on that basis, denies them.  Par denies that Ahold USA, Inc. purchased amitriptyline directly from Par in or after May 2014.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 20, and, on that basis, denies them.  Par denies the allegations in the third sentence of Paragraph 20.

21.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 21, and, on that basis, denies them.  Par denies that Cesar Castillo, Inc. purchased amitriptyline directly from Par in or after May 2014.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 21, and, on that basis, denies them.  Par denies the allegations in the third sentence of Paragraph 21.

22.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 22, and, on that basis, denies them.  Par admits that Frank W. Kerr Company purchased amitriptyline directly from Par on one or more occasions in or after May 2014.  Par lacks sufficient knowledge or information to form a belief

as to the truth of the remaining allegations in the second sentence of Paragraph 22, and, on that basis, denies them.  Par denies the allegations in the third sentence of Paragraph 22.

23.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first and sentences of Paragraph 23, and, on that basis, denies them.  Par admits that KPH Healthcare Services, Inc. purchased amitriptyline directly from Par in or after May 2014.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 23, and, on that basis, denies them.  Par denies the allegations in the fourth sentence of Paragraph 23.

24.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 24, and, on that basis, denies them.  Par admits that Rochester Drug Co-Operative, Inc. purchased amitriptyline directly from Par on one or more occasions in or after May 2014, but Par denies that such purchases were at artificially and unlawfully inflated prices.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 24, and, on that basis, denies them.  Par denies the allegations in the third sentence of Paragraph 24.

25.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and, on that basis, denies them.

26.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and, on that basis, denies them.

27.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and, on that basis, denies them.

28.     Par admits that Par Pharmaceutical, Inc. is a New York corporation with its principal place of business in Chestnut Ridge, New York.  Par admits that Par Pharmaceutical,

Inc. is an indirect subsidiary of Endo International plc ("Endo").  Par admits the allegations in the third sentence of Paragraph 28.  Par denies the allegations in the fourth sentence of Paragraph 28.  Par admits that it sold amitriptyline to certain purchasers in this District at times in or after May 2014.  Par lacks sufficient knowledge or information about what is meant by "throughout the United States" to form a belief as to the truth of that allegation, and, on that basis, denies it.

29.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and, on that basis, denies them.

30.     Par denies the allegations in Paragraph 30.

31.     Par denies that it has participated in any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31, and, on that basis, denies them.

32.     Par denies that it has participated in any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 32, and, on that basis, denies them.

33.     Par denies that it has participated in any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 33, and, on that basis, denies them.

34.     Par denies that it has participated in, or authorized anyone to participate in, any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed. Par also denies that its officers, managers, agents, employees, or representatives, while actively

engaged in the management, direction, or control of Par's affairs, participated in or ordered others to participate in any alleged conspiracy.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 34, and, on that basis, denies them.

35.      Par denies that it has performed any alleged wrongful acts.  Par also denies that its directors, officers, managers, agents, employees, or representatives, while actively engaged in the management, direction, or control of Par's affairs, authorized, ordered, or did any alleged wrongful acts.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 35, and, on that basis, denies them.

**IV.      Interstate Trade and Commerce**

36.      Par admits that Par Pharmaceutical, Inc. supplies amitriptyline to certain purchasers in the United States.  Par denies that it manufactures amitriptyline.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 36, and, on that basis, denies them.

37.      Par denies the allegations in Paragraph 37 as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 37, and, on that basis, denies them.

38.      The allegations in Paragraph 38 contain legal conclusions or arguments that require no response.  To the extent that any response is required, Par denies the allegations.

39.      The allegations in Paragraph 39 contain legal conclusions that require no response.  To the extent that any response is required, Par denies the allegations.  Par denies that it has participated in any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed.

40.      Par denies the allegations in Paragraph 40.

41.     Par denies the allegations in Paragraph 41.

42.     Par denies the allegations in Paragraph 42.

**V.     Factual Allegations**

43.     Par admits only that the allegations in the second and third sentences of Paragraph 43 purport to summarize and quote from the FDA's website, the content of which speaks for itself.  Par denies the remaining allegations in Paragraph 43.

44.     Par admits only that the allegations in Paragraph 44 purport to characterize the Hatch-Waxman Act and its legislative history, the content of which speaks for itself.

45.     Par admits the allegations in Paragraph 45.

46.     Par admits that all FDA-approved generic versions of a brand name drug are equivalent to the same reference listed drug from a safety and efficacy standpoint.  Par denies the remaining allegations in Paragraph 46.

47.     Par lacks sufficient knowledge or information about what is and is not "well established in economic literature" to form a belief as to the truth of the allegations in the first sentence of Paragraph 47, and, on that basis, denies them.  Par denies the allegations in the second, third, and fourth sentences in Paragraph 47.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 47, and, on that basis, denies them.

48.     Par lacks sufficient knowledge or information about aggregated, annual savings attributable to generic drugs to form a belief as to the truth of that allegation in Paragraph 48, and, on that basis, denies it**.**  Par denies the remaining allegations in Paragraph 48.

49.     Par admits only that the first sentence of Paragraph 49 purports to quote from a Federal Trade Commission study, the content of which speaks for itself.  Par denies the remaining allegations in Paragraph 49.

50.     Par lacks sufficient knowledge or information about what "usually" occurs to form a belief as to the truth of the allegations in the first sentence of Paragraph 50, and, on that basis, denies them.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 50, and, on that basis, denies them.  Par admits only that the third sentence of Paragraph 50 purports to summarize the findings of a study conducted by the Generic Pharmaceutical Association, the content of which speaks for itself.

51.     Par lacks sufficient knowledge or information about what "[o]rdinarily" occurs to form a belief as to the truth of the allegations in the first sentence of Paragraph 51, and, on that basis denies them.  Par admits that prescription drug pricing for certain consumers is not determined between the retailer and the consumer.  Par admits that because certain consumers' prescription drug purchases are reimbursed by health plans, pricing for those consumers' prescription drugs may be determined by reimbursement agreements between prescription drug payers and pharmacies.  Par denies the remaining allegations in Paragraph 51.

52.     Par lacks sufficient knowledge or information about what "typically" or "generally" occurs to form a belief as to the truth of the allegations in the first, third, and fourth sentences of Paragraph 52, and, on that basis, denies them.  Par admits that WAC prices represent a manufacturer's reported list price.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Footnote 14 to Paragraph 52, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 52.

53.     Par admits the allegations in the first sentence of Paragraph 53.  Par denies the allegations in the second sentence of Paragraph 53.  Par admits only that the second sentence of Footnote 15 to Paragraph 53 purports to summarize the FDA's website, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of

the remaining allegations in Paragraph 53 (including in the footnotes), and, on that basis, denies them.

54.    Par admits that PBMs usually do not disclose publicly their MAC pricing or the basis for their MAC pricing, but Par lacks sufficient knowledge or information about what "is believed" to be the basis for MAC pricing to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 54, and, on that basis, denies them.  Par admits only that the second sentence in Paragraph 54 purports to summarize an online publication by Express Scripts, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 54, and, on that basis, denies them.

55.    Par admits that MAC pricing may not be transparent.  Par admits that the Academy of Managed Care Pharmacy has publicly stated that it opposes government regulation of MAC pricing and any efforts to disclose MAC prices or the method of calculating them.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 55, and, on that basis, denies them.

56.     Par denies the allegations in Paragraph 56.

57.    Par admits only that the last sentence of Paragraph 57 purports to quote an online publication by Express Scripts, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 57, and, on that basis, denies them.

58.    Par denies the allegations in Paragraph 58.

59.    Par admits that generic versions of amitriptyline have been on the market for decades.  The allegations in Paragraph 59 regarding alleged sales purport to summarize data

published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first, fifth, sixth, and seventh sentences of Footnote 25 to Paragraph 59, and, on that basis, denies them.  Par admits only that the remaining allegations in Footnote 25 purport to quote from and summarize the website of IMS Health, the content of which speaks for itself.  Par denies that it participated in a price-fixing conspiracy and denies the remaining allegations in Paragraph 59.

60.     Par denies the allegations in Paragraph 60.

61.     Par lacks sufficient knowledge or information about what is meant by the phrase "[a]t all times relevant for this lawsuit" to form a belief as to the truth of the allegations in the first sentence of Paragraph 61, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 61.

62.     The allegations in Paragraph 62 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

63.     The allegations in Paragraph 63 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

64.     Par denies that it engaged in any alleged price-fixing conspiracy.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 64, and, on that basis, denies them.

65.     The allegations in the charts shown in Paragraph 65 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to

form a belief as to the truth of those allegations, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 65.

66.     The allegations in Paragraph 66 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

67.     The allegations in Paragraph 67 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

68.     Par denies that it engaged in any alleged conspiracy.  The remaining allegations in Paragraph 68 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

69.     Par denies that it engaged in any alleged price-fixing conspiracy.  Par lacks sufficient knowledge or information about what is "unexpected[]" to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 69, and, on that basis, denies them. The remaining allegations in Paragraph 69 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

70.     The allegations in Paragraph 70 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

71.     The allegations in Paragraph 71 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

72.     Par denies that it engaged in any alleged conspiracy.  The remaining allegations in Paragraph 72 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

73.     Par denies that it engaged in any alleged price-fixing conspiracy.  Par lacks sufficient knowledge or information about what is "unexpected[]" to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 73, and, on that basis, denies them. The remaining allegations in Paragraph 73 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

74.     The allegations in Paragraph 74 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

75.     The allegations in Paragraph 75 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

76.     Par denies that it engaged in any alleged conspiracy.  The remaining allegations in Paragraph 76 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

77.     Par denies that it engaged in any alleged price-fixing conspiracy.  Par lacks sufficient knowledge or information about what is "unexpected[]" to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 77, and, on that basis, denies them. The remaining allegations in Paragraph 77 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

78.     The allegations in Paragraph 78 purport to summarize NADAC price data, and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

79.     Par denies that it did not begin reporting WAC pricing for its amitriptyline products until September 26, 2014.  Par denies that the information in the charts in Paragraph 79 is accurate as to Par's products.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 79, and, on that basis, denies them.

80.     Par denies that it was part of any cartel and denies the remaining allegations in Paragraph 80.

81.     Par admits only that the first sentence of Paragraph 81 purports to summarize a statute, the content of which speaks for itself.  Par admits the allegations in the second sentence of Paragraph 81.  Par admits that amitriptyline does not appear on the current list of ASHP Resolved Shortage Bulletins, but Par denies that this current list includes drug shortages dating back to August 2010.  Par denies that it engaged in any supracompetitive pricing of amitriptyline.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 81, and, on that basis, denies them.

82.     Par denies the allegations in Paragraph 82.

83.     Par denies the allegations in Paragraph 83.

84.     Par denies the allegations in Paragraph 84.

85.     Par denies the allegations in Paragraph 85.

86.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 86, and, on that basis, denies them.  Par denies that it has engaged in a conspiracy and denies the remaining allegations in Paragraph 86.

87.     Par denies the allegations in Paragraph 87.

88.     Par admits only that the first sentence of Paragraph 88 purports to summarize a FiercePharma article, the content of which speaks for itself.  Par admits only that the second sentence of Paragraph 88 purports to quote from a press release on the website of the Connecticut Attorney General, the content of which speaks for itself.

89.     Par denies the allegations in Paragraph 89.

90.     Par admits only that the first sentence of Paragraph 90 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.  Par denies the remaining allegations in Paragraph 90.

91.     Par admits only that Paragraph 91 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.

92.     Par admits that Par Pharmaceutical, Inc. was a member of the GPhA at times in or after May 2014, but Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations as to other Defendants, and, on that basis, denies them.  Par admits that Qualitest sold amitriptyline.  Par admits only that the second sentence in Paragraph 92 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.  Par

lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 92, and, on that basis, denies them.

93.      Par admits that Tony Pera was a member of GPhA's Board of Directors in 2016. Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 93, and, on that basis, denies them.

94.      Par admits that former Heritage CEO Jeffrey Glazer pleaded guilty to federal criminal charges relating to price fixing and other anticompetitive activity concerning doxycycline DR and glyburide.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 94, and, on that basis, denies them.

95.      Par admits the allegations in the first and second sentences of Paragraph 95.  Par admits that NACDS holds industry events, including regional and annual conferences.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegation that all Defendants attended NACDS events, including the Total Store Expo, and, on that basis, denies it.

96.      Par admits only that the first sentence of Paragraph 96 purports to summarize and quote from the HDA's website, the content of which speaks for itself.  Par admits the allegations in the second sentence of Paragraph 96.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 96, and, on that basis, denies them.

97.      Par admits only that Paragraph 97 purports to quote from ECRM's website, the content of which speaks for itself.

98.      Par admits the allegations in Paragraph 98.

99.     Par admits that certain Qualitest employees at times attended ECRM Efficient Program Planning Sessions.  Par admits that Par Pharmaceutical, Inc. and Qualitest are indirect subsidiaries of Endo.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 99, and, on that basis, denies them.

100.    Par admits that certain meetings and events hosted by GPhA, HDMA, ECRM, NACDS, and MMCAP were held at times in or after May 2014, and that some Par employees with substantive involvement in the decision-making process for pricing attended certain of those meetings and events.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 100, and, on that basis, denies them.

101.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101, and, on that basis, denies them.

102.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 102, and, on that basis, denies them.

103.    Par admits that the HDMA held a BLC in Orlando, Florida on June 2-5, 2013 and that certain of its employees attended.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 103, and, on that basis, denies them.

104.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104, and, on that basis, denies them.

105.    Par admits the allegations in the first sentence of Paragraph 105.  Par also admits that NACDS's August 2013 Total Store Expo was attended by certain employees of Par Pharmaceutical, Inc. and by the Endo and Qualitest employees alleged by Plaintiffs in subparts d

and e of Paragraph 105.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 105, and, on that basis, denies them.

106.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 106, and, on that basis, denies them.

107.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 107, and, on that basis, denies them.

108.     Par admits that GPhA held its Annual Meeting in Orlando, Florida on February 19-21, 2014.  Par admits that this meeting was attended by an employee of Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 108, and, on that basis, denies them.

109.     Par admits that ECRM held its annual Retail Pharmacy Efficient Program Planning Session in Amelia Island, Florida on May 23-26, 2014.  Par also admits that this meeting was attended by the Par Pharmaceutical, Inc. and Qualitest employees alleged by Plaintiffs in subparts a and b of Paragraph 109.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 109, and, on that basis, denies them.

110.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110, and, on that basis, denies them.

111.     Par admits the allegations in the first sentence of Paragraph 111.  Par also admits that NACDS's 2014 annual meeting was attended by the Endo and Par Pharmaceutical, Inc. employees alleged by Plaintiffs in subparts b and d of Paragraph 111.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 111, and, on that basis, denies them.

112.    Par admits that the HDMA held a BLC in Phoenix, Arizona on June 1-4, 2014. Par admits that this meeting was attended by the Endo employees alleged in subpart b of Paragraph 112.  Par admits that this meeting was attended by Peter Gargiulo and Sandra Bayer, but Par denies that Ms. Bayer attended as an employee of Par Pharmaceutical, Inc.  Par denies the remaining allegations in subpart d of Paragraph 112.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 112, and, on that basis, denies them.

113.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113, and, on that basis, denies them.

114.    Par admits that NACDS held its 2014 Total Store Expo in Boston, Massachusetts on August 23-26, 2014.  Par also admits that this meeting was attended by the Endo, Qualitest, and Par Pharmaceutical, Inc. employees alleged by Plaintiffs in subpart b, c, and e of Paragraph 114.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 114, and, on that basis, denies them.

115.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 115, and, on that basis, denies them.

116.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116, and, on that basis, denies them.

117.    Par admits that certain of its employees attended the following trade association meetings, conferences, or events: (i) the February 9-11, 2015 GPhA Annual Meeting in Miami, Florida; (ii) the February 22, 2015 ECRM meeting in Destin, Florida; (iii) the April 25-28, 2015 NACDS Annual Meeting in Palm Beach, Florida; (iv) the June 7-10, 2015 HDMA BLC in San Antonio, Texas; (v) the August 22-25, 2015 NACDS Total Store Expo in Denver, Colorado; (vi)

the April 16-19, 2016 NACDS Annual Meeting in Palm Beach, Florida; (vii) the June 12-16, 2016 HDMA BLC in Colorado Springs, Colorado; and (viii) the August 6-9, 2016, NACDS 2016 Total Store Expo in Boston, Massachusetts.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 117, and, on that basis, denies them.

118.    Par admits only that Paragraph 118 purports to summarize allegations made in a complaint filed in this MDL by certain State Attorneys General, the content of which speaks for itself.  To the extent any additional response is required, Par denies the allegations in Paragraph 118 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 118, and, on that basis, denies them.

119.    Par admits only that Paragraph 119 purports to summarize allegations made in a complaint filed in this MDL by certain State Attorneys General, the content of which speaks for itself.  To the extent any additional response is required, Par denies the allegations in Paragraph 119 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 119, and, on that basis, denies them.

120.    Par admits that Par Pharmaceutical, Inc. is headquartered in New York, but Par denies that Qualitest is or was headquartered in New Jersey, eastern Pennsylvania, or New York. Par lacks sufficient knowledge or information about the headquarters of other generic drug manufacturers to form a belief as to the truth of those allegations, and, on that basis, denies them. Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 120, and, on that basis, denies them.  Par denies that it engaged in collusion and denies the remaining allegations in Paragraph 120.

21

121.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121, and, on that basis, denies them.

122.     Par denies the allegations in Paragraph 122 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 122, and, on that basis, denies them.

123.     Par denies the allegations in Paragraph 123 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 123, and, on that basis, denies them.

124.     Par denies the allegations in Paragraph 124 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 124, and, on that basis, denies them.

125.     Par denies the allegations in Paragraph 125 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 125, and, on that basis, denies them.

126.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 126, and, on that basis, denies them.

127.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 127, and, on that basis, denies them.

128.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 128, and, on that basis, denies them.

129.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 129, and, on that basis, denies them.

130.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 130, and, on that basis, denies them.

131.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 131, and, on that basis, denies them.

132.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 132, and, on that basis, denies them.

133.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 133, and, on that basis, denies them.

134.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 134, and, on that basis, denies them.

135.     Par admits only that the allegations in Paragraph 135 purport to quote from a transcript of a February 28, 2014 Endo earnings call, the content of which speaks for itself.

136.     Par admits only that the allegations in Paragraph 136 purport to quote from a transcript of a July 31, 2014 Endo earnings call, the content of which speaks for itself.

137.     Par admits only that the allegations in Paragraph 137 purport to quote from a transcript of a March 2, 2015 Endo earnings call, the content of which speaks for itself.

138.     Par admits only that the allegations in Paragraph 138 purport to quote from a transcript of an August 8, 2016 Endo earnings call, the content of which speaks for itself.

139.     Par refers Plaintiffs to PPCI's public securities filings, the contents of which speak for themselves.

140.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 140, and, on that basis, denies them.

141.     Par denies that it engaged in collusion.  Par lacks sufficient knowledge or information about what "[c]omments from industry analysts suggest" to form a belief as to the truth of the remaining allegations in Paragraph 141, and, on that basis, denies them.

142.     Par admits only that Paragraph 142 purports to quote from a Wall Street Journal article, the content of which speaks for itself.

143.     Par admits only that Paragraph 143 purports to summarize and quote from a Bloomberg article, the content of which speaks for itself.

144.     Par admits only that Paragraph 144 purports to summarize and quote from a Financial Times article, the content of which speaks for itself.

145.     Par admits only that Paragraph 145 purports to summarize and quote from a Boston Globe article, the content of which speaks for itself.

146.     Par admits only that Paragraph 146 purports to quote from a study by David Belk, MD, the content of which speaks for itself.

147.     Par admits only that Paragraph 147 purports to summarize and quote from a GAO Report, the content of which speaks for itself.

148.     Par admits only that Paragraph 148 purports to summarize and quote from a press release by the Pennsylvania Medical Society, the content of which speaks for itself.

149.     Par admits only that in January 2014 the NCPA sent correspondence to the U.S. Senate HELP Committee and the U.S. House Energy and Commerce Committee, the content of which speaks for itself.

150.     Par admits only that on October 2, 2014, Senator Bernie Sanders (I-VT), Chair of the Subcommittee on Primary Health and Aging, Senate Committee on Health, Education, Labor and Pensions, and Representative Elijah E. Cummings (D-MD), the Ranking Member of the

House Committee on Oversight and Government Reform, sent letters to 14 drug manufacturers. The contents of those letters speak for themselves.

151.    Par admits only that Senator Sanders and Representative Cummings issued a joint press release, the content of which speaks for itself.

152.    Par admits only that Senator Sanders and Representative Cummings sent a letter to the Department of Health and Human Services' Office of the Inspector General ("OIG"), the content of which speaks for itself.  Par admits only that OIG sent a response to Senator Sanders and Representative Cummings, the content of which speaks for itself.

153.    Par admits only that Paragraph 153 purports to summarize and quote from an August 2016 GAO report, the content of which speaks for itself.

154.    Par admits that DOJ opened a criminal investigation into alleged collusion in the generic pharmaceutical industry.  Par also admits that DOJ empaneled a grand jury in this District.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 154, and, on that basis, denies them.

155.    Par admits only that the third sentence of Paragraph 155 purports to summarize an article by Policy and Regulatory Report, the content of which speaks for itself.  Par admits only that the fourth sentence of Paragraph 155 purports to quote from an article by Bloomberg, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 155, and, on that basis, denies them.

156.    Par admits that PPCI received a subpoena from DOJ.  Par denies the remaining allegations in Paragraph 156 as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 156, and, on that basis, denies them.

157.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 157, and, on that basis, denies them.

158.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 158, and, on that basis, denies them.

159.    Par admits that PPCI received a subpoena from the CTAG on August 6, 2014 related to digoxin and that the content of PPCI's disclosure speaks for itself.  Par admits that PPCI received a DOJ subpoena on December 5, 2014 requesting documents related to communications with competitors regarding digoxin and doxycycline.  Par denies that Endo Pharmaceuticals Inc. is Par's parent company.  Par admits that Endo Pharmaceuticals Inc. received the CTAG Interrogatories and Subpoena in December 2015 and that the content of Endo's disclosure speaks for itself.  Par denies the remaining allegations in Paragraph 159.

160.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 160, and, on that basis, denies them.

161.    Par admits that other generic drug manufacturers have publicly disclosed that they received subpoenas in connection with the DOJ and State AG investigations.  Par admits that some generic drug manufacturers have publicly disclosed that search warrants have been executed at their offices and/or that some of their employees have received subpoenas as part of the DOJ and/or State AG investigations.  Par denies the remaining allegations in Paragraph 161.

162.    Par lacks sufficient knowledge or information about what is meant by "significant" to form a belief as to the truth of the allegations in the first sentence of Paragraph 162, and, on that basis, denies them.  Par admits only that the remaining allegations in Paragraph 162 purport to summarize and quote from the DOJ's Antitrust Division Manual, the content of which speaks for itself.

163.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 163, and, on that basis, denies them.  Par denies any insinuation that it has engaged in any anticompetitive conduct.

164.    Par lacks sufficient knowledge or information about what is meant by "significant" to form a belief as to the truth of the allegations in the first sentence of Paragraph 164, and, on that basis, denies them.  Par admits only that the remaining allegations in Paragraph 164 purport to summarize and quote from the DOJ's website, the content of which speaks for itself.

165.    Par admits the allegations in Paragraph 165.

166.    Par admits the allegations in the first two sentences of Paragraph 166.  Par admits only that the third sentence in Paragraph 166 purports to quote from a transcript from Glazer's and Malek's plea hearing, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 166, and, on that basis, denies them.

167.    Par admits that DOJ has intervened in MDL 2724, as well as at least one other civil antitrust action that has been transferred to MDL 2724 since the filing of this Complaint. Par admits only that the second sentence of Paragraph 167 purports to quote from an oral argument transcript from the S.D.N.Y. propranolol action, the content of which speaks for itself. Par admits only that the third sentence of Paragraph 167 purports to quote from a brief DOJ filed with the JPML, the content of which speaks for itself.  Par admits that DOJ moved for a stay of discovery in MDL 2724.  Par admits only that the remaining allegations in the fourth sentence of Paragraph 167 purport to quote from DOJ's motion to stay discovery, the content of which speaks for itself.

168.    Par admits only that Paragraph 168 purports to quote from DOJ's Spring 2017 Division Update, the content of which speaks for itself.

169.    Par admits that the State AGs filed a complaint involving doxycycline DR and glyburide days after the DOJ filed criminal charges against Glazer and Malek.  Par admits that Mylan is named as a defendant in that complaint.  Par denies that Endo (as defined in the Complaint) admitted receiving a subpoena from CTAG.  Par admits that it is an indirect subsidiary of Endo.  Par admits only that the remaining allegations in the third and fourth sentences of Paragraph 169 purport to summarize allegations made in the State AGs' doxycycline DR and glyburide complaint, the content of which speaks for itself.  Par admits only that the fifth and sixth sentences of Paragraph 169 purport to quote from an article in The Connecticut Mirror, the content of which speaks for itself.

170.    Par admits only that Paragraph 170 purports to quote from a press release by the Connecticut Attorney General, the content of which speaks for itself.

171.    Par admits only that Paragraph 171 purports to quote from and summarize briefs the State AGs filed with the JPML, the contents of which speak for themselves.

172.    Par admits only that Paragraph 172 purports to quote from and summarize an MLex article, the content of which speaks for itself.

173.    Par admits only that Paragraph 173 purports to quote from a press release by the New York Attorney General, the content of which speaks for itself.

174.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 174, and, on that basis, denies them.

**VI.    The Amitriptyline Market**

175.    Par denies the allegations in Paragraph 175.

176.     Par denies that it has engaged in any collusion.  Par lacks sufficient knowledge about the purported "[f]actors showing that a market is susceptible to collusion" to form a belief as to the truth of the remaining allegations in Paragraph 176, and, on that basis, denies them.

177.     Par denies the allegations in Paragraph 177.

**VII.   Class Action Allegations**

178.     Par admits that Plaintiffs purport to bring this action on behalf of a Class, as alleged in Paragraph 178.  Par denies that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23.

179.     Par denies the allegations in Paragraph 179.

180.     Par denies the allegations in Paragraph 180.

181.     Par denies the allegations in Paragraph 181.

182.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 182, and, on that basis, denies them.

183.     Par denies the allegations in Paragraph 183.

184.     Par denies the allegations in Paragraph 184.

185.     Par denies the allegations in Paragraph 185.

186.     Par denies the allegations in Paragraph 186.

**VIII.  Antitrust Injury**

187.     Par admits that certain Plaintiffs directly purchased amitriptyline from Par in or after May 2014.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 187 as they pertain to the other Defendants and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 187.

188.     Par denies the allegations in Paragraph 188.

189.     Par denies the allegations in Paragraph 189.

190.   Par denies the allegations in Paragraph 190.

**IX.   Claim for Relief**

191.   Par repeats its answer to every allegation set forth above as though fully set forth

herein.

192.   Par denies the allegations in Paragraph 192.

193.   Par denies the allegations in Paragraph 193.

194.   Par denies the allegations in Paragraph 194.

195.   Par denies the allegations in Paragraph 195.

196.   Par denies the allegations in Paragraph 196.

197.   Par denies the allegations in Paragraph 197.

198.   Par denies the allegations in Paragraph 198.

199.   Par denies the allegations in Paragraph 199.

**X.   Prayer for Relief**

Par denies any allegations contained in Plaintiffs' Prayer for Relief, including subparts A-

F, and Par denies that Plaintiffs are entitled to any relief.

**XI.   Jury Trial Demanded**

The jury demand contains no factual assertions to which a response is required.  To the

extent that any response is required, Par denies the allegations.

<u>**DEFENSES**</u>

Par alleges as additional and/or affirmative defenses the following:

1.   The Complaint fails, in whole or in part, to state a claim upon which relief may be

granted.

2.   Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of

limitations and/or repose.

30

3.       Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and/or *in pari delicto*.

4.       Plaintiffs' claims are barred, in whole or in part, because the alleged conduct was unilateral, has not unreasonably restrained trade, was based on independent and legitimate business and economic justifications, and constituted lawful, bona fide business behavior.

5.       The Complaint fails to allege sufficiently or otherwise properly define any market for the purpose of asserting a claim against Par.

6.       Plaintiffs' claims are barred in whole or in part because the acts or omissions of Par did not substantially lessen competition in any properly defined market.

7.       Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom Par had no control.  The acts of such third parties constitute intervening or superseding causes.

8.       Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate any alleged damages.

9.       Plaintiffs' claims are barred, in whole or in part, because some or all Plaintiffs lack standing to bring such claims and/or have not sustained cognizable antitrust injury attributable to Par's conduct.

10.      Plaintiffs' claims are barred, in whole or in part, because they seek damages that are duplicative of damages sought by Plaintiffs in other actions in this MDL, and such duplicative recovery would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

11.      Plaintiffs' claims are barred in whole or in part because any award of treble damages or punitive or exemplary damages against Par based on the alleged conduct would

violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

12.     To the extent the Complaint could be read as seeking punitive damages, such damages are not available in this action.

13.     Par incorporates by reference any defenses applicable to it that are asserted by any other defendant to the Complaint as if set forth fully herein.

14.     Par reserves the right to amend this Answer to assert any additional defenses when and if, in the course of discovery, investigation, or preparation for trial, it becomes appropriate to assert such defenses.

WHEREFORE, Par hereby requests that Plaintiffs' Complaint be dismissed in its entirety, with prejudice; that any and all of Plaintiffs' claims for damages or other relief of any sort or nature be denied; that Par be awarded costs, disbursements, and reasonable attorney's fees; and that Par be awarded such other and further relief as this Court may deem just and proper.


 Dated:  March 15, 2019                           Respectfully submitted,

                                                  */s/ John E. Schmidtlein*
                                                  John E. Schmidtlein
                                                  Sarah F. Teich
                                                  WILLIAMS & CONNOLLY LLP
                                                  725 Twelfth Street, N.W.
                                                  Washington, D.C. 20005
                                                  Telephone: (202) 434-5000
                                                  Facsimile: (202) 434-5029
                                                  jschmidtlein@wc.com
                                                  steich@wc.com

                                                  *Counsel for Par Pharmaceutical, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of March, 2019, a copy of the foregoing in the above-captioned case was delivered to counsel of record via ECF.

*/s/ John E. Schmidtlein*
John E. Schmidtlein